IN UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case Number: 6:23-cr-00009 |
| | ) |
| DERRICK LOI, | ) |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM

The Defendant, Derrick Loi, by his counsel, Matthew L. Pack, comes now and respectfully presents to this Honorable Court this Sentencing Memorandum and moves the Court for a just and appropriate sentence that allows for punishment of the Defendant and reasonable restitution for the alleged victim while recognizing the Defendant's acceptance of responsibility and lack of previous criminal behavior and history. In furtherance of such, the Defendant represents as follows:

**OFFENSE CONDUCT, RELEVANT HISTORY, AND BACKGROUND**

The Defendant, Derrick Loi, was born in 1997 in Rochester, New York. (Presentence Report (PSR) at para. 58). Mr. Loi is the second of two children born to parents, Ha Loi, and Lung Loi. *Id.* Derrick Loi has a sister, Kimberly Loi, who is 29 years old and lives in California. *Id.* In his spare time, Mr. Loi enjoys playing video games, watching movies, and playing board games. (PSR at para. 60). Mr. Loi was well-provided for while growing up and his parents encouraged his education. (PSR at para. 59). Not only has Mr. Loi never been married, but Mr. also Loi did not have many friends growing up – he instead spent his time playing video games and working on computer programming. (PSR at para. 61).

Instead of enjoying an outgoing childhood with friends and playdates, Mr. Loi turned to the virtual world of gaming and computer programming – chatting with many people and playing video games. (PSR at para. 61). While Mr. Loi did graduate from Rochester Institute of Technology in 2021 with a Bachelor of Science in game design and development. During this time, Mr. Loi continued his work mainly in computer programming and participating in chatroom discussions. It is the Defense's contention that this virtual world and his lack of interaction with people his own age stunted his emotional growth, leading to these charges.

In early February 2023, Mr. Loi met a fourteen-year-old girl who told him she was selling naked pictures and videos of herself if he wished to purchase some. (PSR at para. 4). These conversations led to Mr. Loi asking to meet in person with the girl so that the two may have sex. (PSR at para. 5). Mr. Loi further suggested that he could be the young girl's "sugar daddy," offering to pay her up to $100 per week for her services. *Id.* This culminated in Mr. Loi acting on his inappropriate and criminal impulses and traveling over 8 hours to meet the young girl in person. (PSR at para. 8).

It is important to note that this young girl ("the alleged victim in this case") was speaking to numerous individuals besides Mr. Loi. An excerpt from the Lynchburg Police Department reveals that Officer R. S. Williams discovered the following when first encountering the girl in this case: "While reviewing the conversations I read lewd conversations between [victim name omitted] and what appeared to be two adult subjects who identified themselves to be in their younger twenties. The conversations were lewd and involved [victim name omitted] performing sexual acts on these individuals. The individuals would refer to [victim name omitted] as "Kiddo" or "Kiddie" They would also have [victim name omitted] refer to them as "Mommy" or "Daddy."

Multiple nude pictures and videos of [victim name omitted] were requested from [victim name omitted] and sent to these individuals.

Both these conversations appeared to have ended between January 18-21st. There were no recent conversations that would have appeared to belong to Derrick. [Victim name omitted] stated she could not recall what Derrick's username was on Discord. However, she did state that it started with "Call."

I asked [victim name omitted] if she could describe what her conversations with Derrick consisted of. She stated that they were in the same context as the conversations observed. She also confirmed that he had asked for pictures of her, and she sent them to him. [Victim name omitted] also advised that Derrick had sent pictures of himself to her as well. I asked [victim name omitted] if she could recall any further details about Derrick. [Victim name omitted] told me that he stated he wanted to "rape her" and told her to write a note stating she went to her friend's house. Derrick th[e]n planned to take [victim name omitted] to a "Quality Inn" where she confirmed they planned to engage in sexual intercourse. I asked [victim name omitted] how old she told Derrick she was, she replied "My age, 14." (Lynchburg Police Report, Dated March 8, 2023, page 4).

**PRESENTENCE REPORT AND ADVISORY SENTENCING GUIDELINES**

Pursuant to 18 U.S.C. § 2422(b) as correctly stated in the Presentence Report, the minimum term of imprisonment for this offense is 10 years and the maximum term is life. Based upon a total offense level of 40 and zero criminal history, the Defendant, through his counsel, believes that an appropriate sentence for this matter would be the 10-year mandatory minimum.

### Application of the Sentencing Factors

Pursuant to 18 U.S.C. § 3553, "the court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. **(emphasis added)**. While a district court is required to consult the Sentencing Guidelines and take them into account when sentencing, the court is not bound to apply such guidelines. *United States v. Booker*, 543 U.S. 22, 264 (2005). If there is no procedural error, [appellate court's] must consider the substantive reasonableness of [a defendant's] sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014).

While the recommended custodial sentence may be imposed, a sentence composed of the 10-year mandatory minimum may be considered by this Honorable Court based on Mr. Loi's lack of criminal history, positive educational history, and positive work history.

To determine a sentence sufficient, but not greater than necessary, the Court must consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed[;] ... (3) the kinds of sentence available;" (4) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guidelines range;" (5) "any pertinent policy statement[;] ... (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1)-(a)(7).

Mr. Loi asks the Court to take into consideration a number of factors in fashioning a sentence in this matter as applied to him, particularly: 1) that Mr. Loi has no criminal history

points, 2) that he is a 27-year-old, single man, living with his parents in New York, 3) that his lack of friends and socialization stunted his emotional growth so that he is emotionally much younger than his actual age, 4) that he has accepted responsibility through his plea of guilty to the charge in this case. Thus, Mr. Loi asks the Court to find that he should receive a further downward departure resulting in a sentence consisting entirely of the mandatory minimum. The advisory nature of the sentencing guidelines would allow the Court to do so. Such a sentence would be sufficient to accomplish the ends of justice in his case. Should the Court find such request to be inadequate to secure the ends of justice in his case, Mr. Loi asks the Court to find that he receives a downward departure resulting in a sentence of no more than 15 years of incarceration, so that Mr. Loi may seek treatment inside the Federal Bureau of Prisons for his attraction to teenage girls, and to impose that such incarceration run concurrent with any remaining state charges.

## CONCLUSION

Derrick Loi respectfully moves this Honorable Court to sentence him to a sentence consisting entirely of the 10-year mandatory minimum sentence. The guidelines for imposing an appropriate sentence as set forth in §3553(a), Mr. Loi's acceptance of responsibility and lack of criminal history. Such a sentence would be appropriate for a number of reasons. First, the genesis of Mr. Loi's charges was continuing a virtual world, and second, such a virtual world contributed to the atmosphere that led to these charges when the alleged actually approached Mr. Loi about purchasing nude pictures and videos. Mr. Loi is grateful for the help of his mother and father, who have stood by him in every step of the criminal process.

**DERRICK LOI**

BY_____

        Matthew L. Pack, Esq.
        Virginia State Bar No. 84287
        M. PACK LAW, PLLC
        423 East Main Street, Suite 1
        P.O. Box 258
        Bedford, VA 24523
        Telephone: (540) 586-7225
        Facsimile: (540) 586-1227
        matt@urvalawyer.com
            *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that this 21st day of June, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Mr. Jason Scheff, Counsel for the United States, and any and all other counsel of record.

_____
Matthew L. Pack, Esq.
Virginia State Bar No. 84287
M. PACK LAW, PLLC
423 East Main Street, Suite 1
P.O. Box 258
Bedford, VA 24523
Telephone: (540) 586-7225
Facsimile: (540) 586-1227
matt@urvalawyer.com
    *Counsel for Defendant*